IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CEDRIC ALEXANDER,               :
                                :     Civil Action File No.
     Plaintiff,                 :
                                :
vs.                             :
                                :
UNIQUE TOWING &                 :
RECOVERY, LLC, and              :
BASHAR "TONY" DIZA,             :
                                :
     Defendants.

## COMPLAINT

Plaintiff Cedric Alexander ("Alexander") brings this Complaint against Defendants Unique Towing & Recovery, LLC ("UTR") and Bashar "Tony" Diza ("Diza") and shows the Court as follows:

## 1. INTRODUCTION

### 1.

This is a wage and hour case.

### 2.

Diza and UTR employed Alexander as a tow truck driver from on or about August 28, 2020 through the date of filing this action (hereinafter, "the Relevant Time Period"). Although Alexander regularly worked more than forty hours each week, Defendants failed to pay him an FLSA overtime premium for such overtime hours.

(a) **Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because UTR is located in Atlanta, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

5.

Alexander resides in Clayton County, Georgia.

6.

UTR has employed Alexander as a tow truck driver in and around Atlanta, Georgia from approximately August 28, 2020 through the date of filing this action.

7.

At all times during the Relevant Time Period, Alexander has been an "employee" of UTR as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defines that term.

8.

UTR is a domestic limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, UTR has been an "employer" of Alexander as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

UTR is subject to the personal jurisdiction of this Court.

11.

UTR may be served with process through its registered agent, Nibras Admon, at 1557 Davis Avenue, Atlanta, Georgia 30344.

12.

At all times material hereto, Alexander has been an "employee" of Diza as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) defines that term.

13.

Diza resides in Fulton County, Georgia.

14.

At all times material hereto, Diza was an "employer" of Alexander FLSA § 3(d), 29 U.S.C. § 203(d), defines that term.

15.

Diza is subject to the personal jurisdiction of this Court.

16.

Diza may be served with process at 320 Outwood Mill Court, 3M, Alpharetta, Georgia 30022.

**(c) Individual Coverage**

17.

Throughout the Relevant Time Period, Alexander operated a tow truck owned by Defendants for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

18.

Throughout the Relevant Time Period, Alexander "engaged in commerce" as employees of UTR as FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) define that term.

**(d) Enterprise Coverage:**

19.

Throughout the Relevant Time Period, UTR has been an "enterprise engaged in commerce or in the production of goods for commerce" as FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) define that term.

20.

Throughout the Relevant Time Period, UTR employed two or more persons who regularly provided roadside services to customers on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

21.

Throughout 2020, UTR had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

Throughout 2021, UTR had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

Throughout the Relevant Time Period, Alexander and other employees of UTR handled goods which moved in interstate commerce in the furtherance of the commercial purpose of UTR including trucks, gasoline, engine oil, and cellular phones.

24.

Throughout 2020, UTR had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

Throughout 2021, UTR had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

Throughout 2020, UTR had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Throughout 2021, UTR had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

Throughout Relevant Time Period, UTR has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

29.

Throughout the Relevant Time Period, Diza has been an owner and/or operator of UTR.

30.

Throughout the Relevant Time Period, Diza has exercised operational control over Alexander's work activities.

31.

Throughout the Relevant Time Period, Diza has been involved in the day-to-day operation of the UTR.

32.

Throughout the Relevant Time Period, UTR has vested Diza with supervisory authority over Alexander.

33.

Throughout the Relevant Time Period, Diza has exercised supervisory authority over Alexander.

34.

Throughout the Relevant Time Period, Diza scheduled Alexander's working hours or supervised the scheduling of Alexander's working hours.

35.

Throughout the Relevant Time Period, Diza has exercised authority and supervision over Alexander's compensation.

**(f) Lack of Exemption**

36.

Throughout the Relevant Time Period, Alexander was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

37.

Throughout the Relevant Time Period, Alexander was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

38.

Throughout the Relevant Time Period, UTR did not employ Alexander in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

39.

Throughout the Relevant Time Period, UTR did not employ Alexander in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

40.

Throughout the Relevant Time Period, UTR did not employ Alexander in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

41.

Throughout the Relevant Time Period, Alexander did not supervise two or more employees.

42.

Throughout the Relevant Time Period, UTR did not employ Alexander in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

43.

Throughout the Relevant Time Period, Alexander was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

44.

Throughout the Relevant Time Period, Alexander's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

45.

Throughout the Relevant Time Period, Alexander normally operated a flatbed tow truck and/or wheel lift truck in his performance of work on behalf of Defendants.

46.

Throughout the Relevant Time Period, Alexander did not travel outside of the State of Georgia in the performance of his duties for UTR.

47.

At all times material hereto, Alexander did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

**(g) Misclassification**

48.

Throughout the Relevant Time Period, all of Alexander's working efforts were directed at serving Defendants' customers.

49.

Throughout the Relevant Time Period, Defendants provided Alexander with all tools, equipment and other materials necessary for Alexander to perform his job as a tow truck driver, including the trucks.

50.

Throughout the Relevant Time Period, Defendants classified Alexander as an independent contractor.

51.

Throughout the Relevant Time Period, Defendants misclassified Alexander as an independent contractor.

52.

Defendants classified Alexander as an independent contractor in order to evade payroll taxes and in order to evade the FLSA's overtime premium requirement.

**(h) Additional Factual Allegations**

53.

Throughout the Relevant Time Period, Defendants compensated Alexander on a commission-only basis.

54.

Throughout the Relevant Time Period, Defendants generally scheduled Alexander to work five (5) days during each work week.

55.

Throughout the Relevant Time Period, regularly scheduled Alexander to work five shifts each week.

56.

Throughout the Relevant Time Period until June 27, 2021, Defendants scheduled Alexander to work 12 hours, i.e., from 8:00 a.m. until 8:00 p.m., during each work shift.

57.

Throughout the Relevant Time Period until June 27, 2021, Alexander often worked in excess of 12 hours per shift.

58.

Since June 28, 2021, Defendants have scheduled Alexander to work 9 hours per shift.

59.

Throughout the Relevant Time Period, Defendants have been aware of the actual number of hours Alexander worked performing tow services.

60.

Defendants knew or should have known that the FLSA applied to Alexander.

61.

Defendants knew or should have known that Alexander was entitled to FLSA overtime protections.

62.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Alexander at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

63.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants pay Alexander a premium for all hours worked above forty hours in a workweek.

64.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

65.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

66.

Throughout the Relevant Time Period, Defendants failed to calculate a regular rate for Alexander by dividing the sum total of the commissions he earned and other earnings by the total hours worked.

67.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

68.

Throughout the Relevant Time Period, Alexander regularly worked more than forty (40) hours during each workweek.

69.

Throughout the Relevant Time Period, Defendants failed to compensate Alexander at one-half of his regular rate for each hour worked in excess of forty hours in each week.

70.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Alexander at one-half of his regular rate for each hour worked in excess of forty hours in each week.

71.

Throughout the Relevant Time Period, Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Alexander a premium for all time worked in excess of forty hours in a given workweek.

## COUNT 1 - FAILURE TO PAY OVERTIME

72.

The allegations in paragraphs 1-71 above are incorporated by reference.

73.

Throughout the Relevant Time Period, Alexander has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

74.

Throughout the Relevant Time Period, Alexander regularly worked in excess of forty (40) hours during each work week.

75.

Throughout the Relevant Time Period, Defendants failed to pay Alexander at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

76.

Defendants willfully failed to pay Alexander at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week from July 2019 through April 2020.

77.

Alexander is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Alexander is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

79.

As a result of the underpayment of overtime compensation as alleged above, Alexander is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Alexander respectfully prays:

1. That his claims be tried before a jury;

2. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally,

3. That he be awarded an additional like amount as liquidated damages against Defendants, jointly and severally;

4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally;

5. That he be awarded nominal damages; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791